**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NYRON HARRISON, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                                       **CASE NO. 20-2916**

**JEFFERSON PARISH SCHOOL BOARD, ET AL.**    **SECTION: "G"(2)**

## ORDER AND REASONS

Before the Court is Plaintiffs Nyron Harrison and Thelma Williams' ("Plaintiffs") "Motion for Partial Remand of Summary Proceedings, and for Remand of Motion for Temporary Restraining Order."[1] In this litigation, Plaintiffs bring suit, individually and on behalf of their minor son Ka'Mauri Harrison ("Ka'Mauri"), against the Jefferson Parish School Board, Dr. James Gray, Cecily White, Terri Joia, and Patricia Adams (collectively, "Defendants"), alleging injuries resulting from Ka'Mauri's suspension for displaying a BB gun on camera during remote learning.[2] After Plaintiffs filed the case in the 24th Judicial District Court for the Parish of Jefferson, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1367.[3] In the instant motion, Plaintiffs argue that the summary proceedings seeking a writ of mandamus directing the School Board to hear an appeal of the suspension or, alternatively, judicial review of the suspension pursuant to Louisiana Revised Statute § 17:416 should be remanded to state court.[4]

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1-1.

[3] Rec. Doc. 1.

[4] Rec. Doc. 14. Plaintiffs initially also sought to remand a petition for a temporary restraining order and preliminary injunction ("TRO Petition"), seeking to enjoin Defendants from subjecting Ka'Mauri to a social work assessment, which Plaintiffs had filed in state court prior to removal. At oral argument, Defendants stipulated that Ka'Mauri would not be subjected to a social work assessment. Accordingly, the TRO petition is moot. At oral argument, Plaintiffs indicated that they plan to file a new TRO petition to address additional issues they believe warrant

1

Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

### A.    *Factual Background*

Plaintiffs' claims arise out of an incident that occurred on September 11, 2020, while Ka'Mauri was engaged in remote learning for Woodmere Elementary School ("Woodmere"), a school within the Jefferson Parish School System.[5] Due to the COVID-19 pandemic, Plaintiffs enrolled three of their children in distance learning.[6] On September 11, 2020, Ka'Mauri, a nine year old fourth grade student at Woodmere, was receiving virtual instruction at home in his bedroom.[7] Plaintiffs claim that Ka'Mauri shares his bedroom with his younger brothers.[8] Plaintiffs allege that, while Ka'Mauri was taking a diagnostic assessment, he picked up a BB gun that his younger brother had tripped over and moved it away from his brother.[9] According to Plaintiffs, Ka'Mauri was unaware that the BB gun was in view of the camera on his computer screen.[10] Plaintiffs contend that Ka'Mauri never pointed the BB gun at the camera, and was only trying to remove it from the path of his younger brother when he picked it up.[11]

_____

injunctive relief.

[5]  Rec. Doc. 1-1.

[6] *Id.* at 5.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.*

Plaintiffs allege that Ka'Mauri's teacher, Leslie Williams, witnessed the incident at issue.[12] According to the Petition, Leslie Williams tried to get Ka'Mauri's attention when she saw the BB gun, but Ka'Mauri could not hear her because he had muted the computer while he was taking the assessment.[13] Allegedly because Leslie Williams thought she saw a real gun, she reported the incident to Woodmere's principal, Cecily White ("White").[14] Plaintiffs allege that White signed a Behavior Report on September 14, 2020, suspending Ka'Mauri from Woodmere from September 16, 2020 through September 29, 2020 and recommending Ka'Mauri for expulsion.[15] Plaintiffs assert that White never met with Ka'Mauri or spoke to him about the incident.[16]

On September 16, 2020, Plaintiffs claim that they were given a "Woodmere School Expulsion Recommendation," in which Ka'Mauri was recommended for expulsion for violating the Jefferson Parish School System's policy against possessing "weapons prohibited under federal law."[17] Plaintiffs claim that the recommendation letter stated that Ka'Mauri would be suspended pending an expulsion hearing, yet, after receiving the letter, they were given no further information on any rules applicable to the hearing or a date for the hearing.[18]

On September 21, 2020 at 10:17 AM, Plaintiffs allegedly received notice via text message that the expulsion hearing would take place the next day—September 22, 2020 at 9:00 AM.[19]

---

[12] *Id.*

[13] *Id.* at 6–7.

[14] *Id.* at 7.

[15] *Id.* at 8.

[16] *Id.*

[17] *Id.* at 9.

[18] *Id.*

[19] *Id.* at 10.

However, Plaintiffs assert that they were not given information on the laws or procedures to be used at the hearing, any witness statements, or Ka'Mauri's student file.[20] Plaintiffs claim that they only received information on the policies and procedures of the Jefferson Parish School System and the protocol for student expulsions later that day, at the insistence of their attorney.[21] Plaintiffs contend that they did not receive any information on policies or procedures in place relating specifically to virtual learning, as the Jefferson Parish School System had no such policies in place, or witness statements taken from Ka'Mauri's classmates.[22]

Plaintiffs allege that the expulsion hearing took place on September 22, 2020.[23] Plaintiffs claim that the following individuals were present at the hearing: Plaintiffs; Principal White; the Hearing Officer, Terri Joia ("Joia"); Ka'Mauri's teacher, Leslie Williams; the Behavior Interventionist, Stacie Trepagnier; and Plaintiffs' counsel.[24] Plaintiffs allege that Joia referred to Louisiana Revised Statute § 17:416 ("Section 17:416") as the statute governing procedures for the hearing.[25] Plaintiffs allege that their counsel objected throughout the hearing, alleging violations of due process.[26] Plaintiffs contend that, throughout the hearing, Joia assured Plaintiffs that they would have a right to appeal the outcome of the hearing.[27]

Plaintiffs claim that they received an email on September 23, 2020, stating that Ka'Mauri

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 11–12.

[23] *Id.* at 12.

[24] *Id.*

[25] *Id.* at 13.

[26] *Id.*

[27] *Id.* at 13–14.

was found "guilty of displaying a facsimile weapon while receiving virtual instruction," and Ka'Mauri would be subject to a six day suspension and social work assessment.[28] Plaintiffs allege that they then requested an appeal of the outcome, but were told that there was no right to appeal a suspension under Section 17:416, but instead, that the right to appeal only attaches for expulsions.[29] Plaintiffs assert that there is a right to appeal when there is a *recommendation* of expulsion, as occurred in the instant case.[30] Plaintiffs contend that their request for an appeal was denied by the School Board.[31]

Plaintiffs allegedly informed Defendants that Joia told Plaintiffs they had a right to appeal, and Patricia Adams ("Adams"), Chief Legal Counsel for the Jefferson Parish School System, responded by stating that "Ms. Joia is not an attorney" and that she "may have misstated the law."[32] Plaintiffs further allege that the Attorney General of Louisiana issued a letter on September 29, 2020, explaining that the right to appeal a hearing officer's decision when a student is recommended for expulsion is "clear and unambiguous."[33] When presented with this letter, Plaintiffs claim that Adams maintained that Attorney General Landry also misstated law.[34]

**B.    *Procedural Background***

On October 2, 2020, Plaintiffs, individually and on behalf of Ka'Mauri, filed a "Petition for Judicial Review, and Alternatively, a Writ of Mandamus" ("Petition") against Defendants in

---

[28] *Id.* at 14–15.

[29] *Id.* at 16.

[30] *Id.*

[31] *Id.* at 16–17.

[32] *Id.* at 18.

[33] *Id.* at 17, 41.

[34] *Id.* at 18.

the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[35]

In the Petition, Plaintiffs seek mandamus relief directing the School Board to hear an appeal or, alternatively, judicial review of Ka'Mauri's suspension under Section 17:416 (the "Summary Proceedings").[36] Plaintiffs contend that, under Section 17:416, the School Board has a nondiscretionary duty to review a disciplinary proceeding if requested by parents of a student recommended for expulsion.[37] Plaintiffs assert that the School Board refused to perform this duty, and they seek a writ of mandamus directing the School Board to hear the appeal.[38] Alternatively, Plaintiffs assert that the School Board "implicitly affirmed the findings" made by Joia during the expulsion hearing.[39] Therefore, Plaintiffs alternatively seek judicial review of that decision.[40]

Plaintiffs also bring claims for alleged violations of Ka'Mauri's procedural and substantive due process rights under both the Louisiana Constitution and the U.S. Constitution.[41] Plaintiffs federal claims are brought pursuant to 42 U.S.C. §§ 1983 and 1985.[42] Finally, Plaintiffs bring Louisiana state law tort claims against Defendants including: a defamation claim against White; a detrimental reliance claim against the School Board, White, Superintendent Gray, and Adams; an intentional infliction of emotional distress claim, or alternatively a negligent inflection of emotional distress claim, against all Defendants; and a negligence claim against the School Board,

---

[35] Rec. Doc. 1-1.

[36] *Id.* at 18.

[37] *Id.* at 19.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 19–22.

[42] *Id.*

Superintendent Gray, and Adams.[43] Plaintiffs seek damages for mental pain and suffering, future counseling and tutoring, lost income, economic damages, attorneys' fees, and costs.[44]

On October 6, 2020, Plaintiffs filed a "Petition for TRO/Injunction" ("TRO Petition") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, seeking to enjoin Defendants from subjecting Ka'Mauri to a social work assessment.[45] The state court granted a temporary restraining order on October 6, 2020, and a preliminary injunction hearing was scheduled in state court for November 4, 2020.[46]

On October 16, 2020, Plaintiffs filed a "First Supplemental and Amending Petition" alleging that Defendants retaliated against Plaintiffs for engaging in constitutionally protected speech.[47]

Defendants removed the case to the United States District Court for the Eastern District of Louisiana on October 26, 2020.[48] Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1367, alleging federal question jurisdiction over Plaintiffs' claims arising under 42 U.S.C. §§ 1983 and 1985, and supplemental jurisdiction over the state law claims.[49]

On November 5, 2020, Defendants filed a "Motion to Dissolve Temporary Restraining Order," noticing the motion for submission on December 2, 2020.[50]

---

[43] *Id.* at 22–27.

[44] *Id.* at 28.

[45] *Id*. at 48–57.

[46] *Id*. at 68.

[47] *Id.* at 43–47.

[48] Rec. Doc. 1.

[49] *Id.*

[50] Rec. Doc. 6.

On November 6, 2020, Plaintiff filed the instant motion for partial remand.[51] The same day, Plaintiffs filed a motion to expedite hearing on the motion.[52] The Court granted the motion to expedite, and set the motion for oral argument on November 13, 2020 at 2:00 PM.[53] On November 11, 2020, Defendants filed an opposition to the motion to remand.[54] On November 12, 2020, Plaintiffs filed a reply brief in further support of the motion to remand.[55]

On November 13, 2020, the Court held oral argument on the motion for partial remand. During oral argument, several important stipulations were made. First, Defendants stipulated that Ka'Mauri would not be subjected to a social work assessment. The parties also stipulated that each party would bear their own costs and fees pertaining to the TRO Petition that Plaintiffs previously filed in state court. Accordingly, the parties agreed that the TRO Petition and Defendants' Motion to Dissolve Temporary Restraining Order are moot. At oral argument, Plaintiffs indicated that they plan to file a new TRO petition to address additional issues they believe warrant injunctive relief.

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion*

In the instant motion, Plaintiffs argue that the Summary Proceedings seeking a writ of mandamus directing the School Board to hear an appeal of the suspension or, alternatively, judicial review of the suspension pursuant to Section 17:416 should be remanded to state court.[56]

First, Plaintiffs argue that, under Section 17:416, a state district court is the only proper

---

[51] Rec. Doc. 14.

[52] Rec. Doc. 11.

[53] Rec. Doc. 15.

[54] Rec. Doc. 18.

[55] Rec. Doc. 19.

[56] Rec. Doc. 14. *See supra* text accompanying note 4.

venue to hear a request for mandamus or, alternatively, an appeal of a school disciplinary hearing.[57] Plaintiffs concede that this Court has original jurisdiction over Plaintiffs' claims arising under federal law and supplemental jurisdiction over Plaintiffs' state law tort claims.[58] However, Plaintiffs argue that this Court does not have supplemental jurisdiction over the Summary Proceedings arising under Section 17:416 because the statute "on its very face, provides its chosen jurisdiction: 'the parish in which the student's school is located.'"[59] Accordingly, Plaintiffs argue that this Court should sever the Summary Proceedings from the constitutional claims and state tort claims and remand the Summary Proceedings to state court.[60]

Second, Plaintiffs submit that this Court should decline to exercise supplemental jurisdiction over the claims because they involve a novel issue of state law.[61] According to Plaintiffs, the interpretation of Section 17:416 "applied to the unique and novel area of virtual instruction, is a matter that should be decided by a Louisiana Court."[62] Plaintiffs allege that the Jefferson Parish School System is currently implementing a new policy related to Section 17:416 and its applicability to virtual learning.[63] Additionally, Plaintiffs note that the Louisiana legislature recently enacted legislation that affects the implementation of the statute and "would affirm

---

[57] Rec. Doc. 14-1 at 24 (citing La. Rev. Stat. § 17:416(5) ("The parent or tutor of the pupil may, within ten days, appeal to the district court for the parish in which the student's school is located, an adverse ruling of the school board in upholding the action of the superintendent or his designee.").

[58] *Id.* at 29.

[59] *Id.*

[60] *Id.* at 30.

[61] *Id.* at 23, 31–32.

[62] *Id.* at 31.

[63] *Id.* at 18–21, 25.

Ka'Mauri's right to an appeal."[64] Because of these recent changes, Plaintiffs argue that interpretation of the statute is a "novel issue that should be left for the State Court to decide."[65] Accordingly, Plaintiffs submit that this Court should decline to exercise supplemental jurisdiction over the Summary Proceedings.[66] Plaintiffs assert that the Supreme Court has held that "novel issues of state law peculiarly call[] for the exercise of judgment by the state courts."[67] Because "virtual learning and school discipline are meeting in a courtroom in the State of Louisiana for the first time," Plaintiffs contend that Louisiana state courts are "up for the task" of deciding this new legal issue.[68]

Third, and finally, Plaintiffs assert that this Court should abstain from deciding the Summary Proceedings because they involve unresolved issues of state law, best left to Louisiana courts under the doctrines of *Burford* and *Younger* abstention.[69] Plaintiffs allege that *Burford* abstention applies to the instant case because Louisiana state law is controlling and a "decision in State Court, for the first time, as to the interpretation of [Section 17:416], in the facts of Ka'Mauri's case, could have a lasting impact on School Systems in the State of Louisiana and how they go about student discipline with virtual instruction moving forward."[70] Accordingly, Plaintiffs contend that "[f]ederal review of this case could be disruptive of State efforts" to create a review

---

[64] *Id.* at 17–18, 25.

[65] *Id.* at 25.

[66] *Id.*

[67] *Id.* at 32 (citing *McKesson v. Doe*, 2020 WL 6385692 (U.S. Nov. 2, 2020)).

[68] *Id.*

[69] *Id.* at 23.

[70] *Id.* at 36.

process in student disciplinary cases.[71] Plaintiffs also argue that abstention is proper under the *Younger* doctrine because proceedings could or should be pending in state court under the clear terms of Section 17:416.[72] Plaintiffs submit that review of the School Board policy at issue in this case presents "an overwhelming issue that should be remanded for State Court review."[73]

## B.   *Defendants' Arguments in Opposition to the Motion*

Defendants set out four main arguments in opposition to Plaintiffs' motion for partial remand.[74] First, Defendants argue that this Court should not decline to exercise supplemental jurisdiction over the Summary Proceedings because an analysis of Section 17:416 does not involve a novel issue of state law.[75] Defendants assert that this Court has "previously exercised subject matter jurisdiction over federal claims involving analysis of [Section] 17:416" and is therefore equipped to hear similar claims in the instant case.[76] Defendants cite to *Robinson v. St. Tammany Parish Public School System* as an example of a case involving Section 17:416 that was decided by this Court.[77] Defendants contend that this Court found against the *Robinson* plaintiff, who was denied an appeal of a school disciplinary proceeding under Section 17:416 and subsequently brought a due process claim, because the plaintiff was suspended, not expelled.[78] Defendants contend that "[t]he facts and legal issues in play involve[] a straightforward interpretation of a state

---

[71] *Id.* at 35–36.

[72] *Id.* at 36.

[73] *Id.* at 36–37.

[74] Rec. Doc. 18 at 2.

[75] *Id.* at 8.

[76] *Id.*

[77] *Id.* at 9 (citing *Robinson v. St. Tammany Parish Public School System*, 983 F.Supp.2d 835 (E.D. La. 2013) (Brown, J.)).

[78] *Id.*

11

statute" that this Court has already considered in previous cases.[79] Accordingly, Defendants assert that the Court should not decline to exercise supplemental jurisdiction over the Summary Proceedings because the claims do not present novel or complex issues of state law.[80]

Second, Defendants allege that there are no "exceptional circumstances" or "compelling reasons" for this Court to decline to exercise supplement jurisdiction over the Summary Proceeding.[81] Defendants argue that 28 U.S.C. § 1367(c)(4) permits courts to decline to exercise supplemental jurisdiction in cases involving exceptional circumstances, but that this exception should only be "invoked in rare and unusual cases," which this case is not.[82] Defendants assert that there is "substantial similarity" between the Summary Proceedings and the remainder of Plaintiffs' claims, and the Section 1367(c) factors weigh in favor of this Court retaining supplemental jurisdiction.[83] Defendants further assert that federal courts can exercise jurisdiction over state summary proceedings, and that this Court has considered summary proceedings in previous cases.[84]

Third, Defendants argue that the Summary Proceedings "derive from a common nucleus of operative facts" with Plaintiffs' federal and state law tort claims, such that this Court has supplemental jurisdiction over the Summary Proceedings.[85] Defendants assert that "[t]he nucleus is Plaintiffs' allegation that Defendants violated [Section] 17:416 by denying the student's request

---

[79] *Id.* at 10.

[80] *Id.*

[81] *Id.* at 11.

[82] *Id.*

[83] *Id.* at 13–14.

[84] *Id.* at 14–15.

[85] *Id.* at 16.

for an appeal," and because all of Plaintiffs' claims involve this central issue, the Summary Proceedings "should not be carved out from this suit . . . ."[86] Defendants also argue that, contrary to Plaintiffs' assertions, Section 17:416 does not mandate that a state court hear Plaintiffs' claims.[87]

Fourth, and finally, Defendants argue that this Court should not abstain from hearing the Summary Proceedings because "there is no parallel state proceeding and no difficult questions of state law that should be reserved for state court."[88] Defendants contend that *Younger* abstention is inapplicable in the instant case because there "is no related criminal or quasi-criminal enforcement action at issue in this case," and because "there is no pending state court action or proceeding at all."[89] Defendants argue that *Burford* abstention likewise does not apply in the instant case because there "is not a state regulatory scheme at issue and there is no specialized state judicial review procedure."[90] For these reasons, Defendants argue that the motion for partial remand should be denied.[91]

## C.    *Plaintiffs' Arguments in Further Support of the Motion*

In reply, Plaintiffs assert that they "do not suggest, nor believe, that this Court does not have authority to interpret [Section] 17:416."[92] Plaintiffs contend that they "would prefer that the lion's share of the Petition remain before Your Honor, but suggest that compelling state interests

---

[86] *Id.* at 17.

[87] *Id.* at 18.

[88] *Id.* at 2.

[89] *Id.* at 22.

[90] *Id.* at 23.

[91] *Id.* at 24.

[92] Rec. Doc. 19 at 1.

require the State of Louisiana to play some role in this novel litigation."[93] Plaintiffs argue that, under Section 17:416, only Louisiana state courts are capable of ordering the School Board to review the suspension.[94]

Plaintiffs assert that Section 17:416 has been "clarified" by the newly-enacted Ka'Mauri Harrison Act, which applies retroactively to March 13, 2020.[95] Plaintiffs argue that the Ka'Mauri Harrison Act makes clear that any student who is recommended for expulsion, even if they are not thereafter expelled, is entitled to an appeal.[96] Plaintiffs assert that, while the Ka'Mauri Harrison Act "was a clarification of student appeal rights," a right to appeal for a student recommended for expulsion "has always been the law."[97] Plaintiffs argue that a previous Louisiana state court decision interpreting Section 17:416 as not affording an appeal without an expulsion was incorrectly decided, and that "this position was confirmed" by the Louisiana legislature in passing the Ka'Mauri Harrison Act.[98] Plaintiffs further contend that, while this Court has "briefly addressed the issue of a right to appeal" under Section 17:416 in *Robinson v. St. Tammany Parish Public School System*, the Court's ruling did not "engage in an analysis of the plain language of [Section] 17:416."[99] Plaintiffs assert that past caselaw "illustrate[s] the inconsistency in the way in which school systems in the State of Louisiana were/are interpreting [Section] 17:416" and that,

---

[93] *Id.*

[94] *Id.* at 2.

[95] *Id.* at 3.

[96] *Id.*

[97] *Id.*

[98] *Id.* at 4.

[99] *Id.*

as such, "Plaintiffs need to seek clarification" on this issue in state court.[100]

Plaintiffs further argue that remanding the Summary Proceedings would not create "two separate trials" because "the relief the Plaintiffs seek in the [Summary Proceedings] is significantly separate from the relief it is seeking in the ordinary proceedings and constitutional challenges."[101] Plaintiffs argue that, in the Summary Proceedings, they are seeking "an expungement of Ka'Mauri's record and a clearing of his name, attorney fees, and an injunction," a remedy that is distinct from the monetary damages they are seeking for the remainder of the claims.[102]

Finally, Plaintiffs re-assert that abstention "could apply" to the instant case, and that the issues involved in this case are novel.[103] Plaintiffs allege that the "pending school board proceedings and the underlying policy concerns at issue herein are of significant importance to the State of Louisiana."[104] Moreover, Plaintiffs contend that Defendants' assertion "that this case is not 'exceedingly rare' is bizarre."[105] Plaintiffs point to a lack of litigation over issues within virtual instruction as evidence that the Summary Proceedings are novel, and should be remanded.[106]

### III. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a state court action only if the action could have originally been filed in federal court. Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt

---

[100] *Id.* at 6.

[101] *Id.* at 7.

[102] *Id.* at 8.

[103] *Id.*

[104] *Id.*

[105] *Id.* at 9.

[106] *Id.*

resolved against removal and in favor of remand.[107] In short, any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.[108] Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c), which provides, in part, that: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it.[109]

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[110] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Often called "federal-question jurisdiction," this type of jurisdiction "is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)."[111] A single claim over which federal-question jurisdiction exists is sufficient to allow removal.[112] Both parties agree that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claims arising under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[113]

---

[107] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

[108] *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2014), *cert. denied*, 530 U.S. 1229 (2000)).

[109] *Paul Reinsur. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)).

[110] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[111] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005); *see also Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted.").

[112] See *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66 (1997).

[113] Rec. Doc. 14-1 at 28–29.

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This provision has been interpreted to mean that district courts have supplemental jurisdiction over state law claims when these claims arise out of the same set of operative facts as the federal claims.[114]

Defendants removed this case pursuant to 28 U.S.C. § 1441(c), which provides:

(c) Joinder of Federal law claims and State law claims.–

1) If a civil action includes–

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. . . .

Plaintiffs concede that this Court has original jurisdiction over Plaintiffs' claims arising under federal law and supplemental jurisdiction over Plaintiffs' state law tort claims.[115] However, Plaintiffs argue that the Summary Proceedings seeking a writ of mandamus directing the School Board to hear an appeal of the suspension or, alternatively, judicial review of the suspension pursuant to Section 17:416 should be severed pursuant to 28 U.S.C. § 1441(c)(2) and remanded to

---

[114] *State Nat'l Ins. Co., Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

[115] Rec. Doc. 14-1 at 29.

state court.[116]

## IV. Analysis

Plaintiffs present three arguments in support of partial remand.[117] First, Plaintiffs argue that Section 17:416 mandates that the Summary Proceedings be litigated in state court.[118] Second, Plaintiffs assert that the Court should decline to exercise supplemental jurisdiction over the Summary Proceeding because the applicability of Section 17:416 to virtual learning is a novel issue of state law.[119] Third, Plaintiffs contend that the Court should abstain from hearing the Summary Proceedings under the *Burford* and *Younger* abstention doctrines.[120] Each argument is discussed in turn.

### A.   *Whether Section 17:416 Mandates that the Summary Proceedings be Litigated in State Court*

Plaintiffs assert that this Court does not have supplemental jurisdiction over the Summary Proceedings because Louisiana Revised Statute § 17:416 provides that "[t]he parent or tutor of the pupil [who is the subject of a discipline hearing] may, within ten days, appeal to the district court for the parish in which the student's school is located . . . ."[121] Plaintiffs contend that this language equates to a mandate that *only* the district court for the parish in which the student's school is located may rule on an appeal of a school disciplinary hearing.[122] In opposition, Defendants assert

---

[116] Rec. Doc. 14.

[117] Rec. Doc. 14-1.

[118] *Id*. at 24–25, 28–31.

[119] *Id*. at 25, 31–34.

[120] *Id*. at 25–26, 35–37.

[121] Rec. Doc. 14-1 at 24.

[122] *Id.*

that the statute does not require that "any judicial review" be filed in the state district court where the school board is located.[123] Defendants contend that "[t]he only judicial review contemplated by the statute is of a school board decision for an expulsion and the review of that board determination is to be filed in the district court for the parish where the student's school is located."[124] Defendants contend that this situation is not presented here.[125]

As an initial matter, the Court has supplemental jurisdiction over the Summary Proceedings pursuant to 28 U.S.C. § 1367(a). The Summary Proceedings relate to the same core issue as the federal claims over which this Court has original jurisdiction—whether Defendants violated Plaintiffs' rights, under the U.S. Constitution, the state Constitution, or Section 17:416, by suspending Ka'Mauri. The Summary Proceedings clearly arise out of the same set of operative facts as the federal claims.[126] Therefore, the Court has supplemental jurisdiction over the Summary Proceedings.

Additionally, the Fifth Circuit has recognized that federal courts can exercise jurisdiction over state summary proceedings.[127] In *Weems v. McCloud*, the Fifth Circuit held that a federal court could exercise jurisdiction over a summary confirmation proceeding for foreclosure sales.[128] Because "[t]he laws of a state cannot enlarge or restrict the jurisdiction of the federal courts," the Fifth Circuit recognized that "[i]t necessarily follows that whenever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial

---

[123] Rec. Doc. 18 at 18.

[124] *Id.*

[125] *Id.*

[126] *Yates*, 391 F.3d at 579.

[127] *Weems v. McCloud*, 619 F.2d 1081, 1087 (5th Cir. 1980).

[128] *Id.* at 1090.

controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States."[129] Although the confirmation proceeding was "summary in nature" and involved special procedural rules that did not exist in ordinary court proceedings, the Fifth Circuit found that the cause of action was nevertheless a "suit of a civil nature at common law or in equity."[130] The Fifth Circuit also recognized that federal courts may limit the application of the Federal Rules of Civil Procedure when strict adherence to the rules "would frustrate the purpose, or destroy the summary nature, of a special, statutorily created cause of action."[131]

Despite this binding precedent, Plaintiffs argue that Section 17:416 limits the supplemental jurisdiction of this Court to hear the Summary Proceedings.[132] Louisiana Revised Statute § 17:416(c)(4)–(5) was recently revised by the Louisiana legislature, in response to this case. The Ka'Mauri Harrison Act revised Section 17:416(c)(4)–(5) as follows (revisions are underlined):

> (4) The parent or tutor of the pupil who has been recommended for expulsion pursuant to this Section may, within five days after the decision is rendered, request the city or parish school board to review the findings of the superintendent or his designee at a time set by the school board; otherwise the decision of the superintendent shall be final. If requested, as herein provided, and after reviewing the findings of the superintendent or his designee, the school board may affirm, modify, or reverse the action previously taken. The parent or tutor of the pupil shall have such right of review even if the recommendation for expulsion is reduced to a suspension.
>
> (5)(a) The parent or tutor of the pupil who has been recommended for expulsion pursuant to this Section may, within ten days, appeal to the district court for the parish in which the student's school is located, an adverse ruling of the school board in upholding the action of the superintendent or his designee. The court may reverse or revise the ruling of the school board upon a finding that the ruling of the board

---

[129] *Id.* at 1087 (quoting *Markham v. City of Newport News*, 292 F.2d 711, 716 (4th Cir. 1961)).

[130] *Id.* at 1085–90.

[131] *Id.* at 1096.

[132] Rec. Doc. 14-1 at 24.

was based on an absence of any relevant evidence in support thereof. <u>The parent or tutor of the pupil shall have such right to appeal to the district court even if the recommendation for expulsion is reduced to a suspension.</u>

The legislation further provides that it will apply retroactively.[133]

Plaintiffs argue that the Jefferson Parish School Board violated Section 17:416 by denying their request for a hearing on the decision to suspend Ka'Mauri. Therefore, Plaintiffs seek a writ of mandamus directing the School Board to conduct a hearing under Section 17:416(c)(4).[134]

As a general rule for claims arising under federal law, a federal district court lacks jurisdiction "to issue a writ of mandamus to direct a state [] officer in the performance of his duties when mandamus is the only relief sought."[135] However, this general principle does not apply to claims arising under state law, as the requested writ of mandamus does here. When a federal court sits in diversity or hears state law pendent claims, it acts as any other court of the state, and can issue writs that the state courts are empowered to grant.[136] Moreover, the All Writs Act[137] grants federal courts the authority to issue writs of mandamus where there is an independent basis for subject matter jurisdiction.[138] In this case, Plaintiffs seek a writ of mandamus under Louisiana state

---

[133] *See* HB No. 83.

[134] Rec. Doc. 1-1 at 18.

[135] *Neuman v. Blackwell*, 204 F. App'x 348, 349 (5th Cir. 2006) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973); *Noble v. Cain*, 123 F. App'x 151, 152–53 (5th Cir. 2005)). *See also Gordon v. Whitley,* 24 F.3d 236 (5th Cir. 1994) ("Federal mandamus applies to officers, employees, and agencies of the United States. It does not apply to officers, employees, and agencies of states."). Federal Rule of Civil Procedure 81(b) formally abolished federal writs of mandamus.

[136] *Vary v. City of Cleveland*, 206 F.Supp.3d 1273, 1277 (N.D. Ohio 2016) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945)).

[137] 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

[138] *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35 (1980)).

law, not federal law.

Recently, the Fifth Circuit applied Texas state law in analyzing whether to issue a writ of mandamus to a federal district court directing the lower court to require expungement of notices recorded in Texas county property records.[139] The Fifth Circuit recognized that Texas law authorized the cancellation of improper notices by means of mandamus.[140] The Fifth Circuit reasoned that "[w]ere the federal court to disallow this important remedy as it is afforded in state court, we would deviate from the *Erie*-backed rule requiring federal court decisions to be modelled on applicable state law in diversity cases."[141] Thus, although mandamus is an extraordinary remedy, the Fifth Circuit reasoned that it "must be available in federal court to the same extent as in the courts of Texas."[142]

Similarly, the *Erie* doctrine applies to Plaintiffs' state law claims over which this Court has supplemental jurisdiction.[143] Louisiana law allows for the issuance of writs of mandamus in certain circumstances. Louisiana Code of Civil Procedure article 3863 provides that "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. . . ." A writ of mandamus "should be issued only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice."[144] Although mandamus is an extraordinary remedy, when considering a Louisiana state

---

[139] *In re Huffines Retail Partners, L.P.*, 978 F.3d 128, 134 (5th Cir. 2020).

[140] *Id.*

[141] *Id.*

[142] *Id.* at 134–35.

[143] *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989); *Bott v. J.F. Shea Co., Inc.*, 388 F.3d 530 553 n.3 (5th Cir. 2004) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)).

[144] *Bd. of Trustees of Sheriff's Pension & Relief Fund v. City of New Orleans*, 2002-0640 (La. 5/24/02), 819

law claim, a writ of mandamus "must be available in federal court to the same extent as in the courts of [Louisiana]."[145] Therefore, the Court finds that it can maintain supplemental jurisdiction over Plaintiff's claim seeking mandamus relief under Louisiana law.[146]

Plaintiffs also seek judicial review of the School Board's decision under Section 17:416(c)(5).[147] Plaintiffs argue that a state district court is the only proper venue to hear a request for mandamus or, alternatively, an appeal of a school disciplinary hearing.[148] Section 17:416(c)(5) provides that "[t]he parent or tutor of the pupil may, within ten days, appeal to the district court for the parish in which the student's school is located, an adverse ruling of the school board in upholding the action of the superintendent or his designee." Plaintiff's argument that Section 17:416(c)(5) deprives this Court of jurisdiction is unavailing. "The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts."[149] As discussed above, this Court has supplemental jurisdiction over the Summary Proceedings, and Section 17:416 cannot restrict this Court's jurisdiction.

## B.   *Whether the Summary Proceedings Involve a Novel Issue of State Law*

Although this Court has jurisdiction over the Summary Proceedings, it may decline to

---

So. 2d 290, 292.

[145] *In re Huffines Retail Partners, L.P.*, 978 F.3d at 134–35. *See also Vary v. City of Cleveland*, 206 F.Supp.3d 1273, 1277 (N.D. Ohio 2016) ("when a court sits in diversity, it acts as any other court of the state, and can issue writs that the state courts are empowered to grant"); *Harbaugh v. Bd. of Educ. of City of Chicago*, 815 F. Supp. 2d 1026, 1030 (N.D. Ill. 2011), *aff'd*, 716 F.3d 983 (7th Cir. 2013) (applying Illinois state law to determine if the federal court should issue mandamus to a school board); *Hayes v. Pittsburgh Bd. of Pub. Educ.*, No. 02-593, 2007 WL 760518, at *16 (W.D. Pa. Mar. 8, 2007), *aff'd*, 279 F. App'x 108 (3d Cir. 2008) (applying Pennsylvania state law to determine if the federal court should issue mandamus to a school board).

[146] *Mosley v. City of Pittsburgh Pub. Sch. Dist.*, No. 07-1560, 2008 WL 2224888 (W.D. Pa. May 27, 2008) (denying a motion to remand a case seeking mandamus relief from a school board under Pennsylvania law).

[147] Rec. Doc. 1-1 at 19.

[148] Rec. Doc. 14-1 at 24 (citing La. Rev. Stat. § 17:416(c)(5)).

[149] *Weems*, 619 F.2d at 1087 (quoting *Markham v. City of Newport News*, 292 F.2d 711, 716 (4th Cir. 1961)).

exercise supplemental jurisdiction under the factors set forth in 28 U.S.C. § 1367(c). Section 1367(c) provides that a federal court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[150] The Court's determination of whether to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[151]

Plaintiffs urge this Court to decline to exercise supplemental jurisdiction over the Summary Proceedings because the application of Section 17:416 to virtual learning is a novel issue of Louisiana state law.[152] Plaintiffs point to the enactment of a new Jefferson Parish School System policy on virtual learning, along with the passage of the Ka'Mauri Harrison Act to support their assertion that discipline for actions taken during remote learning are unsettled issues that must be resolved by Louisiana state courts.[153] In response, Defendants argue that interpretation of Section 17:416 is not novel or complex.[154]

The Summary Proceedings are not novel or complex. In fact, this Court has interpreted Section 17:416 in prior litigation[155] The Ka'Mauri Harrison Act was passed by Louisiana's

---

[150] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

[151] *Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992).

[152] Rec. Doc. 14-1 at 25.

[153] *Id.* at 18, 25.

[154] Rec. Doc. 18 at 2.

[155] *See, e.g.*, *Robinson v. St. Tammany Parish Public School System*, 983 F.Supp.2d 835 (E.D. La. 2013)

legislature in October 2020 and was recently signed into law by Governor Edwards.[156] While Section 17:416 has been revised since this Court last interpreted it, this Court remains well-equipped to interpret the revised statute.

The facts of this case may require this Court to analyze Section 17:416 in a new or novel *factual* context of virtual learning. However, this factual peculiarity impacts all of the claims in this case, including the federal claims over which this Court has original jurisdiction. Additionally, Section 17:416 forms the basis of many of the alleged due process violations raised by Plaintiffs in this case. Considering that this Court has previously exercised jurisdiction over cases involving Section 17:416 and considering that this Court may be called on to interpret Section 17:416 when ruling on Plaintiffs' federal claims, Plaintiffs have not shown that this Court should decline to exercise supplemental jurisdiction over the Summary Proceedings.

Plaintiffs do not argue that the Summary Proceedings predominate over the federal claims. Nor has Plaintiff identified any exceptional circumstances weighing in favor of remand. There is substantial similarity between the federal claims and the Summary Proceedings. The factual and legal issues overlap to a significant degree, and many of the same witnesses and evidence will be relied on in litigating both sets of claims. Plaintiffs request that the factually intertwined causes of action be divided between federal and state court which could potentially cause disparate rulings. Additionally, this would waste judicial resources by having the case tried in two separate fora. Therefore, the relevant factors of judicial economy, convenience, fairness, and comity weigh in favor of this Court exercising supplemental jurisdiction over the Summary Proceedings.

---

(Brown, J.) (holding that there was no "support for Plaintiffs' proposition that the review process provided in Section 17:416(C)(1) applies where the student was not actually expelled.").

[156] *See* La. Rev. Stat. § 17:416(c).

### C.   *Whether Burford or Younger Abstention Apply*

Finally, Plaintiffs assert that both *Burford* and *Younger* abstention doctrines should lead this Court to remand the Summary Proceedings.[157] In opposition, Defendants argue that this Court should not abstain from hearing the claims because "there is no parallel state proceeding and no difficult questions of state law that should be reserved for state court."[158]

The Supreme Court has instructed that federal courts have a "virtually unflagging obligation" to adjudicate claims within their jurisdiction.[159] However, under *Burford v. Sun Oil Co.*,[160] "[w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the *proceedings or orders of state administrative agencies*: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'"[161] "While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy."[162]

Here, there are no ongoing state proceedings or complex state administrative processes at

---

[157] Rec. Doc. 14-1 at 35–37.

[158] Rec. Doc. 18 at 2.

[159] *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 451 U.S. 350, 359 (1989).

[160] 491 U.S. 350 (1989).

[161] *New Orleans Pub. Serv.*, 451 U.S. at 361 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)) (emphasis added).

[162] *Id.* at 361 (citing *Colorado River Water Conservation Dist.*, 424 U.S. at 815–16).

issue. Section 17:416 is not a complex state regulatory scheme. Section 17:416 is a clear and unambiguous statute. This Court has previously interpreted Section 17:416 in cases involving both federal and pendent state law claims.[163] In the Court's view, such an inquiry does not appear to raise difficult questions of state law. Plaintiffs have not articulated how federal review of their claims will disrupt the state's objectives in enacting Section 17:416. As such, *Burford* abstention is not appropriate here.

Plaintiffs' claims for abstention under *Younger v. Harris*[164] are also misguided. The Fifth Circuit has held that, "[i]n general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges."[165] The Fifth Circuit has held that "[i]n order to decide whether the federal proceeding would interfere with the state proceeding, [a court] look[s] to the relief requested and the effect it would have on the state proceedings."[166] The Fifth Circuit has also found that "[i]nterference is established whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."[167]

---

[163] *Robinson*, 983 F.Supp.2d at 835; *see also Decossas v. St. Tammany Parish Sch. Bd.*, No. 16-3786, 2017 WL 1133114 (E.D. La. Mar. 27, 2017) (Brown, J.).

[164] 401 U.S. 37 (1971).

[165] *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal quotation marks omitted).

[166] *Id*. at 717 (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003)).

[167] *Id*. (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (internal quotation marks omitted)).

Here, there are no ongoing state judicial proceedings. This action stems from a student disciplinary matter. Plaintiffs filed a civil action in state court challenging the discipline imposed by the School Board and seeking monetary damages, as well as mandamus and injunctive relief. Defendants removed the action to this Court. Accordingly, *Younger* abstention is inapplicable in the instant case.

### V. Conclusion

For the reasons discussed above, the Court has supplemental jurisdiction over the Summary Proceedings. Louisiana Revised Statute § 17:416 does not deprive this Court of jurisdiction. Plaintiffs have not shown that the Court should decline to exercise supplemental jurisdiction over the Summary Proceedings. Interpretation of Section 17:416 is not a novel issue of state law. To the extent that the applicability of Section 17:416 to virtual learning presents new or novel facts these circumstances impact both the federal and state law claims. Furthermore, Plaintiffs have not demonstrated that abstention is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Partial Remand of Summary Proceedings"[168] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___20th___ day of November, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[168] Rec. Doc. 14.