UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NYRON HARRISON *et al* <br><br> Plaintiffs, <br><br> *v.* <br><br> JEFFERSON PARISH SCHOOL BOARD *et al*, <br><br> Defendants. | NO. 2:20-cv-2916 <br><br> SECTION G/5 <br><br> CHIEF JUDGE BROWN <br><br> MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY THE
STATE OF LOUISIANA**

The State of Louisiana ("Louisiana"), by and through Attorney General Jeff Landry, moves to intervene pursuant to and 28 U.S.C. § 2403(b) and Rules 5.1 and 24 of the Federal Rules of Civil Procedure. In support thereof, Louisiana states as follows:

1. The operative Second Amending and Supplemental Complaint was filed on December 14, 2020, and alleges La. R.S. 17:416 is unconstitutional facially, as interpreted by Jefferson Parish School Board, and as applied by Jefferson Parish School Board. SASC (Dkt. 30) at ECF pp.74-75. That statute relates to the discipline of school students and affects the public interest.

2. Where the constitutionality of a state statute affecting the public interest is drawn into question, the State may intervene:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party . . . .

28 U.S.C. § 2403(b). Intervention pursuant to Section 2403(b) is an unconditional statutory right. *Finch*

*v. Miss. State Med. Ass'n, Inc.*, 585 F.2d 765, 779 (5th Cir. 1978) (citing *Thatcher v. Tennesse Gas Trans. Co.*, 180 F.2d. 644, 648 n. 7 (5th Cir. 1950)); *see also, e.g. Connecticut v. Doehr*, 501 U.S. 1, 7 n.3 (1991) (noting that state intervened in appeal); *Bridges v. Phillips Petrol. Co.*, 733 F.2d 1153, 1156 n.7 (5th Cir. 1984) (certifying constitutional question to state attorney general to provide State with opportunity to petition for rehearing after noting district court's failure to certify).

3. In a previous case, this Court indicated that intervention by the Attorney General is appropriate in a constitutional challenge to R.S. 17:416. *See DeCossas v. St. Tammany Parish Sch. Bd.*, No. 16-37862017 WL 3971248, at *26 (E.D. La. Sept. 8, 2017) (Brown, J.).

4. The docket in this case does not appear to include a separate notice of constitutional question or a certification pursuant to 28 U.S.C. § 2403(b).

5. This motion is made within 60 days of the filing of the operative complaint and before the Court's deadline for amendments to pleadings, third-party actions, cross claims, and counterclaims. *See* Scheduling Order (Dkt. 35) at 2. This motion is therefore timely. Fed. R. Civ. P. 5.1; *see also, e.g.*, *Aubin v. Columbia Cas. Co.*, No. 16-290-BAJ-EWD, 2017 WL 1416814, at *3 (M.D. La. Apr. 19, 2017); *Guilbeau v. Parish of St. Landry*, No. 06-0185, 2008 WL 4948836, at *4 (W.D. La. Nov. 19, 2008).

6. In addition to the constitutionality of its statute, other claims and interests of Louisiana are so situated that disposing of the action may as a practical matter impair or impede Louisiana's ability to protect them. These interests include Louisiana's interests in having its statutes and constitution correctly construed, having JPSB comply with Louisiana law, having JPSB comply with its contractual obligations to the State, and avoiding exposure to the federal government for repayment of funds.

7. This litigation is at its earliest stages, with a motion to dismiss pending and the parties negotiating the terms of discovery. Accordingly, neither Plaintiffs nor Defendants will be prejudiced

by this intervention. In contrast, Louisiana would be irreparably harmed if its statute is held unconstitutional, especially if the Court did so without hearing from Louisiana. *See Maryland v. King*, 133 S. Ct. 1, 2-3 (2012) (Roberts, J., in chambers) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)).

8.  Pursuant to Local Rule 7.6, counsel for the State of Louisiana emailed counsel for Plaintiffs and Defendants on February 1, 2021. Counsel for Plaintiffs promptly represented that they do not oppose this motion. On February 5, 2021, Counsel for Defendants represented that they oppose this motion.

**WHEREFORE** the State of Louisiana, by and through Attorney General Jeff Landry, prays that the Motion to Intervene in this case be granted. A proposed complaint in intervention is attached.

Dated: February 5, 2021                                Respectfully submitted,

**JEFF LANDRY**
  **ATTORNEY GENERAL**

/s/ Elizabeth B. Murrill

Elizabeth B. Murrill (LSB 20685)
  Solicitor General
Joseph S. St. John (LSB 36682)
  Deputy Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
909 Poydras Street, Suite 1850
New Orleans, LA 70112
(225) 485-2458
stjohnj@ag.louisiana.gov
murrille@ag.louisiana.gov

*Attorneys for the State of Louisiana*

3