UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NYRON HARRISON AND THELMA WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, K.H. | * * * * CASE NO. 20-cv-02916 * |
| VERSUS | * SECTION G, DIVISION 5 * |
| JEFFERSON PARISH SCHOOL BOARD, DR. JAMES GRAY, CECILY WHITE, TERRI JOIA, AND PATRICIA ADAMS | * CHIEF JUDGE BROWN * * MAGISTRATE NORTH * * |

* * * * * * * * * * * * * * *

## JOINT STATUS REPORT

**NOW COME** Plaintiffs, Nyron Harrison and Thelma Williams, individually and on behalf of their minor child, Ka'Mauri Harrison ("Plaintiffs"), and Defendants, the Jefferson Parish School Board ("School Board"), Dr. James Gray, Cecily White, Terri Joia, Patricia Adams, and Benjamin "Clay" Moïse, II (collectively "Defendants"), through their respective undersigned counsel, and jointly file this Status Report as required by the Court's Scheduling Order (R. Doc. 35).

**1. A listing of all the parties and counsel who represent the parties:**

Plaintiffs:  Nyron Harrison and Thelma Williams, individually and on behalf of their minor child, Ka'Mauri Harrison; represented by Chelsea B. Cusimano, Douglas R. Kraus and Susannah McKinney of Brener & Kraus, LLC.

Defendants:  Jefferson Parish School Board; Dr. James Gray, Patricia Adams; Cecily White; Terri Joia, Benjamin "Clay" Moïse; represented by Eve B. Masinter, E. Fredrick Preis, Jr., and Matthew M. McCluer of Breazeale, Sachse & Wilson, LLP.

1

Note:  The State of Louisiana, through Attorney General Jeff Landry and Solicitor General Elizabeth Murrill, has filed a Motion to Intervene and proposed Complaint in Intervention in this matter, which Defendants have opposed. Plaintiffs support the Intervention in this matter.

2. **A listing of any motions pending for decision in the case, the date any motion was submitted for decision or is set for hearing, an indication whether oral argument was previously or shall be requested on the motion, and an indication whether an evidentiary hearing shall be needed on the motion, such as in class certification proceedings:**

   a) Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) was filed on January 8, 2021 and is set for submission to the Court on April 21, 2021 (the extended submission date was selected by agreement between counsel of record); oral argument was not requested and no evidentiary hearing is necessary on this Motion.

   b) The State of Louisiana's Motion to Intervene, filed by Attorney General Jeff Landry and Solicitor General Elizabeth Murrill, was filed on February 5, 2021 and is set for submission to the Court on February 24, 2021; Defendants' Opposition to the Motion to Intervene was filed on February 16, 2021; oral argument has not been requested and the parties do not anticipate the need for an evidentiary hearing on this Motion.

   c) The parties filed a Joint Motion for Entry of Protective Order on February 16, 2021. The Joint Motion was approved and the Protective Order was signed by Magistrate Judge North on February 18, 2021.

3. **The dates and times of any status conference, pretrial conference and trial set in the case; a statement as to whether the case is jury or non-jury; and the number of expected trial days:**

   A Status Conference in this matter is currently scheduled for **March 2, 2021 at 2:30 p.m.** by videoconference. The Final Pre-Trial Conference is scheduled in this matter for **January 6, 2022 at 2:00 p.m.** A five-day jury trial is scheduled in this matter to begin on **January 24, 2022**

**at 9:00 a.m**. and conclude on **January 28, 2022**. As noted below in Section 4, there is a legal issue of whether statutory judicial review by this Court would be without or with a jury. Defendant's position is that the judicial review portion of La. Rev. Stat. § 17:416 is clear that the review is by the Court and not a jury. Plaintiffs disagree and desire to address this issue with the Court in the Status Conference on March 2, 2021.

**4. A BRIEF description of the factual and legal issues underlying the dispute:**

This case centers on an incident that occurred on September 11, 2020 while the Plaintiffs' minor child, Ka'Mauri Harrison, a fourth-grade student at Woodmere Elementary, was participating in a virtual class from his home.[1] The teacher reported that Ka'Mauri moved what appeared to be a gun in front of his laptop camera and set it beside his desk while he was taking a diagnostic test. Because the student's laptop microphone and speakers were muted at the time, he was unaware that the teacher had seen this and had asked what he was holding and why. The teacher reported the issue to the principal and the student was recommended for expulsion pursuant to Jefferson Parish Public School System ("JPPSS") policies and La. Rev. Stat. § 17:416 for possessing a weapon during a virtual class. The student and his parents participated in a due process hearing with a hearing officer appointed by the Superintendent's office on September 22, 2020. The following day, the hearing officer issued a decision letter stating that the student was in violation of JPPSS policy prohibiting possession of facsimile weapons in the classroom, which includes virtual classrooms, but that the disciplinary action would be reduced from a recommended expulsion to a six-day suspension for time served, which resulted in the student being able to return to school the following day, September 23, 2020.

---

[1] This summary is intended only as a brief recitation of the major factual and legal issues in this case, as the specific allegations are too numerous and complex to adequately summarize for purposes of this Status Report.

The parents, through their undersigned counsel, requested an appeal of the hearing officer's decision to the Jefferson Parish School Board ("School Board"), and the Chief Legal Counsel for JPPSS responded that an appeal to the School Board was not available pursuant to La. Rev. Stat. § 17:416(C), as JPPSS interpreted the statute at the time in September 2020, since the student was not expelled. It was Plaintiffs' position that the statute read "upon recommendation for expulsion," a student would be entitled to an appeal. During the 2020 Special Legislative Session, H.B. 83, re-named the "Ka'Mauri Harrison Act" was presented to the Louisiana Legislature. H.B. 83 provided, among other things, that students who are recommended for expulsion are entitled to a hearing before the school board and to judicial review of the school board's ruling, regardless of whether the recommendation of expulsion was adopted or reduced to lesser discipline such as a suspension. The bill was passed by the legislature in October 2020 and was signed into law on November 5, 2020.

As a result of the passage of H.B. 83, the School Board scheduled and convened a hearing on December 4, 2020 to review Ka'Mauri's suspension, at which Plaintiffs, their counsel, Ka'Mauri, JPPSS officials and their counsel, and members of the public and the media were present. The hearing lasted several hours and involved presentation of numerous witnesses and pieces of evidence by JPPSS and Plaintiffs. The School Board ultimately determined that there was no due process violation regarding the disciplinary procedures followed by the school and JPPSS officials and that the hearing officer's findings were reasonable and appropriate, but the School Board decided that the disciplinary action against Ka'Mauri should be further reduced from a six-day to a three-day suspension.

Plaintiffs in this action seek judicial review of the School Board's ruling under La. Rev. Stat. § 17:416, both as it existed at the time of the underlying events and after the amendments

4

under the Ka'Mauri Harrison Act became effective in November 2020. Plaintiffs further seek injunctive relief requiring the School Board to expunge Ka'Mauri's disciplinary record related to the September 11, 2020 incident and to take other actions. Plaintiffs further seek damages for alleged constitutional violations under 42 U.S.C. §§ 1983 and 1985 related to Defendants' actions taken pursuant to JPPSS policies as applied to the virtual classroom and their interpretation and application of La. Rev. Stat. § 17:416 regarding the availability of an appeal before the School Board and the application of statutory disciplinary rules to virtual learning. Plaintiffs claim violations of their State and Federal constitutional rights to privacy, free speech and expression, and numerous other allegedly fundamental rights implicated by Defendants' conduct. Plaintiffs further allege that Defendants conduct gives rise to civil tort liability under State law for detrimental reliance, defamation,[2] negligent or intentional infliction of emotional distress, negligence, "taking" of property by the State without fair compensation, and spoliation of evidence.

Defendants deny all of the foregoing allegations and maintain that school and JPPSS officials responded properly to Ka'Mauri's violation of JPPSS policy regarding possession of weapons at school-sanctioned events, that proper due process measures were observed throughout the entire disciplinary process, and that the disciplinary action taken against Ka'Mauri was fair, reasonable, and supported by the evidence produced during the initial due process hearing and the subsequent School Board appeal hearing. Defendants have moved to dismiss the majority of Plaintiffs' claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6), with the exception of Plaintiffs' claim for judicial review under La. Rev. Stat. § 17:416 as amended by the Ka'Mauri Harrison Act and the claim for spoliation of evidence. Defendants nevertheless deny the substance

---

[2] Plaintiffs have raised two distinct defamation claims against Woodmere Elementary Principal Cecily White and School Board member Clay Moïse.

of these claims and all others brought against them in this action and further deny that they bear any liability whatsoever to Plaintiffs.

The parties also wish to address three additional issues with this Court in the upcoming Status Conference: (1) whether Defendants anticipated counterclaim in this action should be filed prior to adjudication of their Motion to Dismiss, which could result in dismissal of certain claims that may render Defendants' counterclaim moot, or if the current deadline of March 9, 2021 for counterclaims should be further extended to allow sufficient time for this Court to rule on the Motion to Dismiss prior to Defendants' counterclaim being filed; (2) whether Plaintiffs are entitled to a jury trial on their judicial review claim under La. Rev. Stat. § 17:416 or if the statute only permits such claims to be decided by a judge; and (3) the potential need for Plaintiffs to amend the Complaint again to provide a more definite statement as to their facial challenge to LSA R.S. 17:416[3] as a result of Defendants opposition to the Motion to Intervene filed by the Attorney General.[4] The parties will provide further briefing and authorities on these legal issues following the Status Conference if requested by the Court.

**5. A listing of any discovery that remains to be done:**

The parties are still in the early stages of discovery. Plaintiffs have propounded written discovery to Defendants, responses to which are due in March 2020. Defendants are preparing written discovery to be issued to Plaintiffs in the near future. The parties jointly filed a Motion for

---

[3] Plaintiffs' Note: The first of Plaintiffs' Constitutional Challenges is both facial and as-applied as to the constitutionality of LSA R.S. 17:416.

[4] Defendants' Note:  Defendants object to any further amendment of the pleadings as the February 5, 2021 deadline for amendment has passed and there was no notice prior to the deadline of any further anticipated amendments. However, if Plaintiffs consent to and/or this Court orders an extension of the deadlines for amendments ***and*** counterclaims until after the Court has ruled on Defendants' Motion to Dismiss—which would resolve both Plaintiffs' desire to clarify their allegations and Defendants' desire to avoid filing a counterclaim that may be rendered moot by the Court's ruling on the Motion to Dismiss—then Defendants will withdraw their objection to the amendment.

Entry of Protective Order on February 16, 2021 to govern the production of confidential information in this matter. The parties anticipate multiple depositions, including of Plaintiffs and the individually-named Defendants to occur before the discovery deadline of November 24, 2021.

**6. A description of the status of any settlement negotiations:**

The parties have not engaged in substantive settlement negotiations since the filing of this lawsuit and there has been no settlement demand provided by Plaintiffs.

**Dated: February 19, 2021.**

Respectfully submitted:

| | |
|---|---|
| | **BREAZEALE, SACHSE & WILSON, L.L.P** |
| /s/ Chelsea B. Cusimano | By: /s/ Eve B. Masinter |
| Douglas R. Kraus Bar #26668<br>Chelsea B. Cusimano #34857<br>Susannah C. McKinney #24349<br>**Brener & Kraus, LLC**<br>3640 Magazine Street<br>New Orleans, Louisiana 70115<br>Telephone: (504) 302-7802<br>*dkraus@brenerlawfirm.com*<br>*cbcusimano@brenerlawfirm.com*<br>*smckinney@brenerlawfirm.com*<br>**Attorneys for Harrison & Williams family** | E. FREDRICK PREIS, JR. (La. Bar No. 10704)<br>EVE B. MASINTER (La. Bar No. 1218), T.A.<br>MATTHEW M. MCCLUER (La. Bar No. 33970)<br>First Bank & Trust Tower, Suite 1500<br>909 Poydras Street<br>New Orleans, LA 70112-4004<br>Telephone: (504) 619-1800<br>Fax: (504) 584-5452<br>efp@bswllp.com<br>eve.masinter@bswllp.com<br>matthew.mccluer@bswllp.com<br><br>*Attorneys for Defendants, Jefferson Parish School Board, Dr. James Gray, Cecily White, Terri Joia, Patricia Adams, and Benjamin "Clay" Moïse, II* |

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2021, a copy of the foregoing Joint Status Report has been served upon all counsel of record in this action via electronic service through the Court's CM/ECF system.

/s/Chelsea B. Cusimano
Chelsea B. Cusimano