UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NYRON HARRISON AND THELMA | * | CIVIL ACTION NO. 20-cv-02916 |
| WILLIAMS, INDIVIDUALLY and on behalf | * | |
| of their minor child K.H. | * | |
| | * | JUDGE:   BROWN |
| VERSUS | * | |
| | * | |
| JEFFERSON PARISH SCHOOL BOARD, | * | MAGISTRATE: NORTH |
| DR. JAMES GRAY, CECILY WHITE, | * | |
| TERRI JOIA, & PATRICIA ADAMS | * | |

***************************************************************************

## THIRD SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes NYRON HARRISON ("Mr. Harrison") and THELMA WILLIAMS ("Ms. Williams"), on behalf of themselves and their minor child Ka'Mauri Harrison ("Ka'Mauri") (sometimes collectively referred to as the "Harrison-Williams Family"), both individuals of the age of majority, residents of and domiciled in Jefferson Parish, State of Louisiana, who respectfully move this Honorable Court for Leave to amend the Constitutional Challenges as outlined in the Petition, and the Second Supplemental and Amending Complaint. The Harrison William Family represents:

1.

The Harrison Williams Family realleges and reavers each and every allegation, count, damage claim, additional relief, and request for jury trial, of the original Complaint, First Amending and Supplemental Complaint, and Second Amending and Supplemental Complaint, as if copied herein *in extenso*.

2.

The Harrison Williams Family solely files this Third Amending and Supplemental Complaint to supplement and amend the Constitutional Challenges outlined in this litigation as follows[1]:

## CONSTITUTIONAL CHALLENGES

1. Jefferson Parish School Policies are facially unconstitutional as they are interpreted or as applied to virtual educational environments;

2. LSA R.S. 17:416 is unconstitutional facially and as applied to virtual learning environments and to the home because it captures constitutionally **protected speech and conduct and other fundamental constitutional rights provided for by the First, Second, and Fourteenth Amendments to the United States Constitution, as well as rights afforded by the Louisiana State Constitution** and fails to satisfy constitutional standards regarding fundamental rights of privacy, parental independence, and fair notice;

3. LSA R.S. 17:416(C) is unconstitutional as interpreted and applied by the JPSB because it deprives students of procedural Due Process because it deprives students and parents of review by the School Board and the courts of serious and life-altering charges relative to possession of firearms, particular where those statutes are interpreted as applying to the home;

4. LSA R.S. 17:416, JPS "Procedures & Policies for Parents & Students" and JPS School Board Policies are unconstitutionally vague and overbroad to the extent they are applied to conduct occurring in a student's home and expose the parents and child to egregious civil consequences and criminal charges for constitutionally protected conduct;

---

[1] For the convenience of the Court and all parties the amended provisions of the Constitutional Challenges are presented in bold format.

5. Applying LSA R.S. 17:416, JPS "Procedures & Policies for Parents & Students," or JPS School Board "Dangerous Weapon" Policies to non-threatening, non-disruptive conduct in a student's home also infringed the Harrison Williams' Family's Right to Keep and Bear Arms pursuant to Article 1, Section 11, of the Louisiana State Constitution and the Second Amendment; their right to privacy and to be free from unwarranted government intrusion in their home; and to control the student's upbringing free from unwarranted government interference.

6. **The "mandatory" expulsion recommendations for both children over sixteen and under sixteen, as well as the District Attorney Referral requirement, found in LSA R.S. 17:416(B) and 17:416(C) are facially and as applied by Jefferson Parish School System unconstitutional for the reason that they are overbroad and vague and may lead to unusual and/or absurd consequences not intended to be the result of LSA R.S. 17:416, or the student discipline statute. The statute provides absolutely no discretion with regard to a District Attorney referral. Further, the broad discipline authority interpreted by Jefferson Parish School System to be granted pursuant to the statute sweeps under its coverage both constitutionally protected and unprotected speech and conduct, and other constitutionally protected rights, such as the rights afforded to citizens pursuant to the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution and the equivalent provisions of the Louisiana State Constitution.**

7. **The Disciplinary Provisions of LSA R.S. 17:416 for "any school-sponsored activity or function" are facially vague and overbroad, for the reason that the broad discipline authority interpreted by Jefferson Parish School System to be granted**

3

pursuant to the statute sweeps under its coverage both constitutionally protected and unprotected speech and conduct, and other constitutionally protected rights, such as the rights afforded to citizens pursuant to the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution and the Louisiana State Constitution.

8. LSA R.S. 17:416.1(A), specifically the language that schools may: "employ other reasonable disciplinary and corrective measures to maintain order in the schools," is facially unconstitutional and unconstitutional as applied by the Jefferson Parish School Board for the reason that it is vague and overbroad. The purported broad discipline authority granted pursuant to this provision of the statute sweeps under its coverage both constitutionally protected and unprotected speech and conduct and other constitutionally protected rights, such as the rights afforded to citizens pursuant to the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution and the Constitution for the State of Louisiana. Further, it fails to satisfy constitutional standards regarding fundamental rights of privacy, parental independence, and fair notice. This provision fails to provide notice of specific conduct, which can result in serious discipline including but not limited to recommendations for expulsion and permanent expulsion from public education systems in the State of Louisiana.

9. LSA R.S. 17:416.1(A) is unconstitutional facially and as applied to virtual learning environments and to the home because it captures constitutionally protected conduct and fails to satisfy constitutional standards regarding fundamental rights of privacy, parental independence, and fair notice.

**WHEREFORE,** premises considered, Plaintiffs, Ka'Mauri Harrison, Nyron Harrison, and Thelma Williams, pray that Defendants, the Jefferson Parish School Board, Dr. James Gray, Hearing Officer Terri Joia, Principal Cecily White, and Ms. Patricia Adams be served with this lawsuit and that judgment be issued against Defendants for the Additional Relief as stated above, for injunctive relief (as stated), and an award for all damages sustained by the Harrison-Williams Family, including but not limited an expungement of Ka'Mauri's disciplinary record, or an order of permanent injunctive relief requiring same, and to for all amounts owed to them pursuant to the causes of action as stated herein, damage to their reputation, and economic damages relating thereto including loss of due process rights, and emotional distress, anxiety, humiliation, loss of enjoyment of life, penalties, costs, and attorney's fees.

Respectfully Submitted

*/s/ Chelsea B. Cusimano*
Douglas R. Kraus Bar #26668
Chelsea B. Cusimano #34857
Susannah C. McKinney #24349
**Brener & Kraus, LLC**
3640 Magazine Street
New Orleans, Louisiana 70115
Telephone:  (504) 302-7802
dkraus@brenerlawfirm.com
cbcusimano@brenerlawfirm.com
smckinney@brenerlawfirm.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2021, a copy of the foregoing has been served upon all counsel of record in this action via electronic service through the Court's CM/ECF system.

*/s/ Chelsea B. Cusimano*
Chelsea B. Cusimano