UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NYRON HARRISON, ET AL.**                                         CIVIL ACTION

**VERSUS**                                                                          NO.  20-2916

**JEFFERSON PARISH SCHOOL**                                   SECTION: "G"
**BOARD, ET AL.**

# ORDER

Pending before the Court is the "*Ex Parte* Motion for Approval of Minor Settlement" filed by Plaintiffs Nyron Harrison and Thelma Williams (collectively, "Plaintiffs").[1] In the Motion, Plaintiffs move this Court to approve the agreement between Plaintiffs and Defendants the Jefferson Parish School Board, Patricia Adams, Terri Joia, Cecily White, James Gray, and Clay Moise (collectively, "Defendants") to settle the claims brought by Plaintiffs individually and on behalf of Plaintiffs' minor child, Ka'Mauri Harrison ("Ka'Mauri"), against Defendants.[2]

Plaintiffs request approval of the following recommendations: (i) a division of the settlement amount in the form of "50% to Nyron Harrison and Thelma Williams for their individual claims and 50% to Nyron Harrison and Thelma Williams for the claims they asserted on behalf of their minor child Ka'Mauri Harrison"; (ii) Plaintiffs' receipt of the sums offered in settlement to Ka'Mauri which Plaintiffs will invest and manage jointly; (iii) Plaintiffs' execution of releases, and "any and all acts and deeds necessar[y] to receive the sum of money," on behalf

---

[1] Rec. Doc. 122.

[2] *Id.*

of Ka'Mauri; and (iv) a contingency fee payment to Plaintiffs' attorneys, Brener & Kraus, LLC, for 33-1/3% of the settlement amount plus costs incurred in connection with this action.[3]

The Fifth Circuit and Louisiana courts have recognized a need to ensure that the interests of a minor are adequately represented and protected in settlement agreements.[4] "The courts of Louisiana have been most protective of the minor's interest in the area surrounding settlement of claims, and have not hesitated to nullify any settlement or compromise that was not judicially approved."[5] "In approving a minor's settlement, a court must not only grant authority to compromise to the party properly representing the minor, but must also determine whether the terms of the proposed compromise are in the best interests of the minor."[6]

Here, Plaintiffs are the natural parents of Ka'Mauri. Plaintiffs engaged in extensive resolution discussions with Defendants prior to finalizing the current settlement agreement. Given the complexity of the issues in the instant case, as well as the "uncertainty of the outcome at trial, the extent of the damages suffered, the expense and anticipated time required for trial preparation and the trial itself, and the responsible and prudent action of [Plaintiffs] and counsel,"[7] the Court finds the settlement agreed to is fair and reasonable. Likewise, the Court deems reasonable and fair the division of the settlement amount equally between the claims brought by Plaintiffs individually and those brought on behalf of Ka'Mauri. Moreover, Plaintiffs' proposed payment to

---

[3] *Id.*

[4] *See Mock v. Grady-White Boats, Inc.*, No. 11-2057, 2013 WL 1879683, at *1 (E.D. La. Apr. 17, 2013), *report and recommendation adopted*, No. 11-2057, 2013 WL 1879681 (E.D. La. May 3, 2013); *Carter v. Fenner*, 136 F.3d 1000, 1009 (5th Cir. 1998).

[5] *Johnson v. Ford Motor Co.*, 707 F.2d 189, 194 (5th Cir. 1983) (internal quotation marks and citation omitted).

[6] *Carter*, 136 F.3d at 1009.

[7] *Mock*, 2013 WL 1879683, at *3.

their counsel of 33-1/3% of the settlement amount, plus costs, is reasonable, not excessive, and in line with contingency fees approved of by judges in this district in the past.[8] Accordingly,

**IT IS HEREBY ORDERED** that the recommendations made herein by Nyron Harrison and Thelma Williams on behalf of the minor, Ka'Mauri Harrison, be and are approved.

**IT IS FURTHER ORDERED** that Nyron Harrison and Thelma Williams be and are hereby authorized and empowered to transact and compromise for and on behalf of the minor, Ka'Mauri Harrison, all rights, claims and actions which said minor has or may have against Jefferson Parish School Board, Patricia Adams, Terri Joia, Cecily White, James Gray, and Clay Moise, and their principals, employees, agents, board members directors, executive officers, insurers, successors and assigns, and any other person or entity for whom they may be responsible, by reason of the alleged damages as set forth in their Complaint; and to receive and accept the Settlement Amount, specifically approved by the Jefferson Parish School Board to be paid directly to the trust account for their attorneys, Brener & Kraus, LLC, in settlement of the claims made on behalf of Ka'Mauri Harrison from which sum attorney's fees and costs will be deducted as set forth in the Motion For Approval of Minor Settlement.

---

[8] *See id.* at *4 (approving a 40% contingency fee as "customary.").

**IT IS FURTHER ORDERED** that Nyron Harrison and Thelma Williams, be and are hereby authorized and empowered to execute the necessary release documents so as to release and forever discharge Jefferson Parish School Board, Patricia Adams, Terri Joia, Cecily White, James Gray, and Clay Moise, together with their employees, board members, agents, successors, assigns, directors, subsidiaries, executive officers, and any other persons or entities for whom they may be responsible, prior to, subsequent to and including the date hereof, particularly on account of all claims that the minor, Ka'Mauri Harrison may have as a result of the alleged damages in the Complaint in this matter, and to perform any and all other acts and deeds necessary to receive such funds for the minor child and to effectuate said release, as well as to execute and instruct their counsel, Brener & Kraus, LLC to execute any necessary Stipulation of Dismissal, with prejudice, the claim for damages filed herein individually and on behalf of the said minor.

**NEW ORLEANS, LOUISIANA**, this  13th  day of August, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**